UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT M. BELTRANO,

    Plaintiff,

v.   Case No:   2:18-cv-425-FtM-99MRM

TRINITY FINANCIAL SERVICES, LLC,
DAMIAN G. WALDMAN,
ALDRIDGE/PITE, LLP, CHRISTOPHER
T. PECK, NUSRAT MANSOOR, JOHN G.
ALDRIDGE, JR. , STEVEN W. PITE and
US MORTGAGE RESOLUTION LLC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Undersigned on the issue of the payment of the filing fee. On June 15, 2018, Plaintiff Albert M. Beltrano filed a Complaint. (Doc. 1). Pursuant to 18 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914 (a). Further, the Clerk of Court is permitted to collect from the parties "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). Thus, Plaintiff is required to pay a filing fee of $400. The docket indicates that Plaintiff attempted to pay the filing fee, but it was returned due to an incorrect payment type.

    In the alternative, if Plaintiff is unable to pay this filing fee, Plaintiff may request leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Section 1915 provides in part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or

security therefor, by a person who submits an affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1).

On July 23, 2018, the Undersigned entered an Order explaining the above and allowing Plaintiff twenty-one (21) days to pay the filing fee or seek leave to appear *in forma pauperis* by filing an Affidavit of Indigency. (Doc. 5 at 1-2). Plaintiff did not respond to the July 23 Order.

On August 20, 2018, the Undersigned entered an Order requiring Plaintiff to show good cause why he failed to comply with the July 23 Order and why this action should not be dismissed for failure to pay the filing fee or file an Affidavit of Indigency. (Doc. 6 at 1-2). The Undersigned cautioned Plaintiff that if he "**fails to comply with this Order, the Undersigned will recommend that this action be dismissed**." (*Id.* at 1 (emphasis in original)). Plaintiff did not respond to this Order.

Pursuant to Local Rule 3.10:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10. In this case, the Undersigned informed Plaintiff that he must either pay the filing fee or seek to proceed *in forma pauperis*. (Doc. 5). When Plaintiff failed to comply with the July 23 Order, the Undersigned afforded Plaintiff another opportunity to either pay the filing fee or seek leave to proceed *in forma pauperis*. (Doc. 6). The Undersigned clearly informed Plaintiff that if he failed to comply with the August 20 Order, the Undersigned would recommend that this action be dismissed. (*Id.* at 1).

At this point, because Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that he wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for

failure to prosecute. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

Thus, the Undersigned recommends that this action be dismissed for want of prosecution.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

That Plaintiff's Complaint (Doc. 1) be dismissed for want of prosecution.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 17, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties